UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DALECON, INC., et al.,<br><br>Defendants.<br>_____/ | No. C 11-02851 LB<br><br>**ORDER (1) DISREGARDING MR. STICKNEY'S OPPOSITION, (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, (3) VACATING CERTAIN DATES AND DEADLINES, AND (4) SETTING FURTHER CMC ON JUNE 13, 2013**<br><br>[Re: ECF No. 68, 76, 82] |

Pension Trust Fund for Operating Engineer (the "Trust"), F.G. Crosthwaite, and Russell E. Burns (hereinafter "Plaintiffs") filed a complaint against Dalecon, Inc. ("Dalecon"), Aleut Sons Construction, Inc. ("Aleut Sons Construction"), Dale Stickney Construction, Inc. ("Dale Stickney Construction"), Dale Homes, Inc. ("Dale Homes"), Dale Properties, Inc. ("Dale Properties"), Point West Properties, LLC ("Point West"), RHS Norcal Investments, LLC ("RHS"), Plus Housing & Development, Inc. ("Plus Housing"), DSCI Group, Inc. ("DSCI"), and individuals Ronald Stickney ("Mr. Stickney") and James Underwood ("Mr. Underwood") (collectively, "Defendants") for Defendant Dalecon's failure to pay withdrawal liability in violation of the parties' collective bargaining agreement (the "CBA"), the trust agreement, and the Employee Retirement Income

Security Act (ERISA). *See* Compl., ECF No. 1.[1] Dalecon was a participating employer in the Trust pursuant to a CBA with the Operating Engineers Local Union No. 3 (the "Union"), that required it to make contributions to the Trust on behalf of its employees who were covered under the CBA. *Id.* ¶ 15. Dalecon was obligated to and did make contributions to the Trust on behalf of its employees that were covered under the CBA. *Id.* Plaintiffs allege that Dalecon made a complete withdrawal from the Trust and failed to pay withdrawal liability in violation of ERISA § 4219(a) (29 U.S.C. § 1381). *Id.* at 7-9. In addition, Plaintiffs allege that Mr. Underwood and Mr. Stickney (collectively, the "Individual Defendants") controlled Dalecon, Aleut Sons Construction, Dale Stickney Construction, Dale Homes, Dale Properties, Point West, RHS, Plus Housing, and DSCI (collectively, the "Corporate Defendants"). Second Motion for Default Judgment, ECF No. 68 at 3. Corporations that are under common control are treated as a single employer under ERISA §4001(b)(1) (29 U.S.C. §1301(b)) and thus, Plaintiffs argue, all Defendants, including the Corporate Defendants, are jointly and severally liable for Dalecon's withdrawal liability. *Id.*

All Defendants were served with the complaint and summons but only the Individual Defendants answered it. *See* Answer, ECF No. 6; Certificate of Service, ECF No. 7, 8; Proof of Service, ECF No. 11. While this action was pending, Dale Stickney Construction and both Individual Defendants filed for bankruptcy and therefore Plaintiffs' claims against them were or are still subject to an automatic stay under 11 U.S.C. Section 362. Notice of Automatic Stay, ECF No. 13, 28, 57. Meanwhile, Dalecon, Aleut Sons Construction, Dale Homes, Dale Properties, Point West, RHS, Plus Housing, and DSCI (collectively, the "Defaulting Corporate Defendants") failed to file responsive pleadings or otherwise appear in the case and therefore, Plaintiffs requested entry of default against them on September 1, 2011. Request for Entry of Default, ECF No. 14. A few days later, the Clerk of the Court entered default against them. Entry of Default, ECF No. 15. Thereafter, on January 30, 2013, Plaintiffs filed a motion for default judgment against the Defaulting Corporate Defendants seeking, on the basis of joint and several liability, $242,614.00 in assessed withdrawal liability,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 11-02851 LB
ORDER
2

$55,768.33 in interest, $48,522.80 in liquidated damages, $27,527.50 in attorneys' fees, and $688.55 in costs, for a total award of $375,121.18.[2] Second Motion for Default Judgment, ECF No. 68 at 2.

After being discharged from bankruptcy on January 14, 2013, Mr. Stickney – even though Plaintiffs do not seek default judgment against him – filed an opposition to Plaintiffs' motion for default judgment against the Defaulting Corporate Defendants. Opposition, ECF No. 76. Plaintiffs filed a reply to Mr. Stickney's opposition, stating that the court should grant the motion for default judgment and not permit Mr. Stickney to oppose their motion for default judgment. Reply, ECF No. 82. Presently, there are two things at issue: 1) whether the court can consider Mr. Stickney's opposition to Plaintiffs' motion for default judgment against the Defaulting Corporate Defendants and 2) whether a default judgment should be granted in light of the fact that Mr. Underwood and Dale Stickney Construction are still in bankruptcy.

The first issue is whether the court can even consider Mr. Stickney's opposition. In his opposition, Mr. Stickney states that he should be permitted to present evidence opposing Plaintiffs' motion because he has previously appeared in this action and that the Corporate Defendants have "no economic motive to defend." *Id.* at 4. He explains that the Corporate Defendants are "now defunct, have ceased operation, or are in bankruptcy" and therefore, permitting Plaintiffs "to take advantage of the situation" would result in a "miscarriage of justice." *Id.*

28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The United States Supreme Court has interpreted 28 U.S.C. § 1654 as requiring that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). The local rules of this court reiterate this requirement. N.D. Cal. L. R. 3-9(c).

---

[2] Plaintiffs filed their motion for default judgment on December 18, 2013 but inadvertently failed to serve the motion on the Defaulting Corporate Defendants. Motion for Default Judgment, ECF No. 60. Plaintiffs requested to continue the hearing, and the undersigned denied Plaintiffs' request to continue and dismissed the motion for default judgment without prejudice. Order Denying Motion, ECF No. 67. About a month later, Plaintiffs filed another motion for default judgment against the Defaulting Corporate Defendants and properly served it on them. Second Motion for Default Judgment, ECF No. 68; Certificate of Service, ECF No. 72.

Pursuant to 28 U.S.C. § 1654, Mr. Stickney cannot represent the Defaulting Corporate Defendants and oppose Plaintiffs' motion for default judgment, because he is not a licensed attorney. David R. Griffith (the only attorney who represents any Defendant before the court) represents only Mr. Stickney and has not appeared on behalf of Defaulting Corporate Defendants.

As Plaintiffs correctly note in their reply to Mr. Stickney's opposition, even if Mr. Stickney is a shareholder of the Defaulting Corporate Defendants, he cannot appear on behalf of them to oppose Plaintiffs' motion for default judgment. In *United States v. High Country Broadcasting Co.*, the Ninth Circuit held that a default judgment was appropriate when the defaulting corporation failed to comply with the district court's order to retain licensed counsel. 3 F.3d 1244, 1245 (9th Cir. 1993). The sole shareholder and president of the corporation, who was not an attorney, attempted to represent the corporation "by filing an answer and cross-complaint" on behalf it. *Id.* After discovering that the shareholder was not an attorney, the district court ordered the corporation to retain licensed counsel and would not permit the shareholder to intervene under the Federal Rule of Civil Procedure 24. *Id.* After the corporation failed to retain counsel, the district court entered default judgment against it. *Id.* In holding that the default judgment was properly entered, the Ninth Circuit reasoned, "[t]o allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel would eviscerate section 1654." *Id.*

As in *High Country Broadcasting*, Mr. Stickney is a non-attorney shareholder of the Defaulting Corporate Defendants and is attempting to oppose the default judgment on their behalf. This is improper. Pursuant to 28 U.S.C. § 1654, the Defaulting Corporate Defendants must appear through an attorney to oppose Plaintiffs' motion.[3] Accordingly, the court **DISREGARDS** Mr. Stickney's opposition to Plaintiffs' motion for default judgment.

The second issue is whether default judgment should be granted against the Defaulting Corporate Defendants now, in light of the fact that Mr. Underwood and Dale Stickney Construction are still in bankruptcy. Under the Federal Rule of Civil Procedure 54(b), if an action involves

---

[3] In that regard, if Mr. Griffith wishes to file an opposition on behalf of the Defaulting Corporate Defendants, he must first enter an appearance on their behalf. Then, he may, on their behalf, move to set aside their defaults and oppose Plaintiffs' motion for default judgment.

multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all . . . or parties only if the court expressly determines that there is no just reason for delay." In this instance, the court cannot say that there is no just reason for delay. Fed. R. Civ. P. 54(b).

The Supreme Court has cautioned that the court should not enter a default judgment that is, or is likely to be inconsistent with a judgment on the merits as to the answering defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872). As the Ninth Circuit has explained, *Frow* stands for the proposition that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.,* 253 F.3d 520, 532 (9th Cir. 2001).

Here, Plaintiffs seeks a default judgment against the Defaulting Corporate Defendants on the basis of joint and several liability. Second Motion for Default Judgment, ECF No. 68 at 2. When Mr. Underwood's and Dale Stickney Construction's bankruptcy proceedings come to end and Plaintiffs proceed against Mr. Underwood and Dale Stickney Construction, there is a serious risk of inconsistent judgments. And, Plaintiffs are still proceeding against Mr. Stickney. Deferring consideration of Plaintiffs' motion for default judgment in this situation will minimize the risk of inconsistent judgments. *See Trustees of the Pension & Welfare Funds of the Moving Picture Mach. Operators Union, Local 306 v. Queens Circuit Mgmt. Corp.*, 11-CV-5882 DLI, 2012 WL 825026 (E.D.N.Y. Mar. 9, 2012).

Due to a preference for a single, consistent judgment, the court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for default judgment. Plaintiffs are free to renew the motion for default judgment later.

In light of this order, the Final Pretrial Conference set for March 21, 2013, Case Management Conference set for May 16, 2013, and Trial set for April 1, 2013 are **VACATED**. To follow-up on these issues, the Court **SETS** a case management conference on June 13, 2013, at 10:30 a.m. The parties shall file a joint case management conference statement no later than June 6, 2013.

///

///

1 **IT IS SO ORDERED.**

2 Dated: March 15, 2013

3 _____
4 LAUREL BEELER
United States Magistrate Judge

C 11-02851 LB
ORDER

6