RICHARD C. JOHNSON (SBN 40881)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DALECON, INC., a California corporation, et al.,<br><br>Defendants. | Case No.: CV 11-2851 LB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND <u>SECOND</u> MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DALECON, INC. AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    February 6, 2014<br>Time:   9:30 a.m.<br>Ctrm:   Courtroom C - 15th Floor<br>Judge:  Honorable Laurel Beeler |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs' Second Motion for Summary Judgment is hereby noticed to be heard by the Honorable Laurel Beeler on **Thursday, February 6, 2013, at 9:30 a.m.**, or as soon thereafter as the matter may be heard, at the above-entitled Court in Courtroom C, 15th floor, located in the Federal Building, 450 Golden Gate Avenue, San Francisco, California pursuant to this Court's Order dated November 15, 2013.  Dkt. No. 119.  Pursuant to Fed. R. Civ. Proc. Rule 56, Plaintiffs hereby move for summary judgment against Defendant Dalecon, Inc. for withdrawal liability plus interest, liquidated damages, attorneys' fees and costs as there are no triable issues of material fact.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV 11-2851 LB

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ..................................................................1

III. STATEMENT OF FACTS ..................................................................................................2

IV. ARGUMENT ......................................................................................................................3

    A. Legal Standard ......................................................................................................3

    B. Defendants Have Waived All Arbitrable Defenses ..............................................4

    C. The Defense of Waiver is Improper Since Defendant Failed to Initiate Arbitration…………………………………………………………………………..5

    D. Defendant Cannot Satisfy Its Burden of Establishing That the Trust Has Waived Its Withdrawal Liability Claim...................................................................6

    E. The Contributions Stipulation Does Not Relate to Withdrawal Liability.................8

    F. Delinquent Contributions and Withdrawal Liability Are Wholly Distinct Obligations...........................................................................................................10

    G. The Parties Did Not Mutually Assent to Absolve Defendant of Withdrawal Liability................................................................................................................11

V. DAMAGES.......................................................................................................................12

VI. CONCLUSION.................................................................................................................13

i

PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-2851 LB

P:\CLIENTS\OE3WL\CASES\Dalecon\MSJ 2\Memo of Points & Auth 121213.DOC

# TABLE OF AUTHORITIES

<u>Cases</u>

*Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir. Cal. 1984) .......................................... 10, 11

*Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund v. Arizona-Pacific Tank Lines*, No. C 83 0317, 1983 U.S. Dist. Lexis 12709 (N.D. Cal. Oct. 14, 1983) .............................. 4

*Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986) ................................................................................ 3

*Chicago Truck Drivers, et al. v. R. Sumner Trucking Co., Inc.*, No. 91 C 3967, 1992 U.S. Dist. Lexis 1877 (N.D. Ill. Feb. 24, 1992) ..................................................................................... 5

*DRG/Beverly Hills, LTD, et al., v. Chopstix Dim Sum Café and Takeout III, LTD., et al.*, 30 Cal. App. 4th 54 (Cal. App. 2d Dist. 1994) ............................................................................... 6, 7

*FASA v. Playmates Toys, Inc.*, 892 F.Supp. 1061 (N.D. Ill. 1995) ..................................................... 9

*I.A.M. Nat'l Pension Fund v. Clinton Engines Corp.*, 825 F.2d 415 (D.C. Cir. 1987) ...................... 4

*I.L.G.W.U. Nat'l Ret. Fund, et al., v. Levy Bros. Frocks, Inc.*, 846 F.2d 879 (2d Cir. N.Y. 1988) ... 5

*I.L.G.W.U. Nat'l Ret. Fund, et al.,* v. *W. Helena-Helena Sportswear, Inc.,* No. 96 Civ. 1007, 1996 U.S. Dist. Lexis 20635, at *18 (S.D.N.Y. July 25, 1996) .......................................... 5, 10, 11

*I.L.G.W.U. National Retirement Fund v. West Helena-Helena Sportswear, Inc.,* 1996 U.S. Dist. Lexis 20635 (S.D.N.Y. 1996) ........................................................................................ 6, 10, 11

*In re Aslan*, 909 F.2d 367 (9th Cir. Cal. 1990.) ............................................................................... 11

*In re U.S. Securities Litigation*, 729 F.2d 628 (9th Cir. 1984) ......................................................... 5

*In Re Vehm Engineering Corp.*, 521 F.2d 186 (9th Cir. 1975) ....................................................... 10

*Lads Trucking Co.* v. *Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund*, 777 F.2d 1371 (9th Cir. 1985) ............................................................................................................ 12

*Marder* v. *Lopez, et al.*, 450 F.3d 445 (9th Cir. Cal. 2006) ............................................................... 7

*Marin Storage & Trucking, Inc. v. Benco Contracting and Eng'g.*, 89 Cal. App. 4th 1042 (2001) . 11

*Metropolitan Interiors v. Eugene Burger Mgmt. Corp. (In Re Geneva Towers Associates)*, No. C96-1816 FMS, 1996 U.S. Dist. Lexis 14975 (N.D. Cal. Sept. 30, 1996) ............................... 11

*Northwest Administrators, Inc., v. Albertson's Inc.*, 104 F.3d 253 (9th Cir. OR 1996) ................... 12

*Operating Engineers Pension Trust Fund* v. *Clark's Welding and Machine,* 688 F. Supp. 2nd 902 (N.D. Cal. Feb. 10, 2010) ................................................................................................... 6, 7

*Teamsters Pension Trust Fund-Board of Trustees of the W. Conference* v. *Allyn Transp. Co., et al.*, 832 F.2d 502 (9th Cir. Cal.1987) ....................................................................................... 4, 5

*Traumann* v. *Southland Corp.*, 842 F. Supp. 386, 391 (N.D. Cal., July 20, 1993) ........................... 7

*Trustees of the Laborers' Local 310 Pension Fund v. Able Contracting Group, Inc.*, 2007 U.S. Dist. Lexis 55949..................................................................................................................5

*Trustees of the Utah Carpenters' and Cement Masons' Pension Trust* v. *New Star Culp L.C.*, 2009 U.S. Dist. Lexis 9746 (D. Utah 2009).......................................................................9

*United States of America ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1128 (C.D. Cal. 2000)..............11

Statutes

Cal. Civ. Code §1542..................................................................................................................8

Cal. Civ. Code §§1550, 1565....................................................................................................11

Cal. Civ. Code §§1636, 1639....................................................................................................11

Employee Retirement Income Security Act of 1974 ...................................................................1

ERISA §3(37), 29 U.S.C. §1002(37)..........................................................................................2

ERISA §3(5), 29 U.S.C. §1002(5)...............................................................................................2

ERISA §3, 29 U.S.C. §1002 .......................................................................................................2

ERISA §4001(a)(3), 29 U.S.C. §1301(a)(3) ...............................................................................2

ERISA §4203(a), 29 U.S.C. §1383(a) ........................................................................................2

ERISA §4203(b), 29 U.S.C. §1383(b) ........................................................................................2

ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A) ....................................................................3

ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1)............................................................................2, 4

ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2)...............................................................................3

ERISA §4219(c)(5)-(6), 29 U.S.C. §1399(c)(5)-(6) ...............................................................3, 12

ERISA §4221(a)(1), 29 U.S.C. §1401(a)(1).........................................................................1, 2, 4

ERISA §4221(a)(3)(A), 29 U.S.C. §1401(a)(3)(A) ....................................................................4

ERISA §4221(a), 29 U.S.C. §1401(a) ........................................................................................3

ERISA §4221(b)(1), 29 U.S.C. §1401(b)(1)............................................................................4, 5

ERISA §4301(b), 29 U.S.C. §1451(b).......................................................................................12

ERISA §502(g)(2), 29 U.S.C. §1132(g)(2)...............................................................................12

ERISA §515, 29 U.S.C. §1145 .................................................................................................12

Labor Management Relations Act §302(c), 29 U.S.C. §186(c).................................................2

Multiemployer Pension Plan Amendments Act of 1980 ................................................................1

National Labor Relations Act §2(2), 29 U.S.C. §152(2) ..............................................................2

Rules

Fed. R. Civ. Proc. Rule 56(c)........................................................................................................3

Fed. R. Civ. Proc. Rule 56(e)(2) ...................................................................................................4

Treatises

14 **Witkin**, *Summary of California Law*, vol. 1, *Contracts* §825 (10th ed. 2005) .............................7

Other Authorities

Restatement (Second) of Contracts §20........................................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Joint Statement of Undisputed Facts In Support of Plaintiffs' Motion for Summary Judgment Against Defendant Dalecon, Inc. ("Joint Statement"), ¶1.  Defendant Dalecon, Inc., a California corporation, ("Defendant" or "Dalecon") was a participating employer in the Pension Trust Fund for Operating Engineers ("Trust") pursuant to collective bargaining agreements ("Bargaining Agreements") with the Operating Engineers Local Union 3 ("Union").  Joint Statement, ¶¶4-6.

On August 1, 2007, Defendant withdrew from participation in the Trust, and thereafter, continued to perform work previously covered under its Bargaining Agreement(s).  Joint Statement, ¶¶7, 25, 28; and Declaration of Julie Richardson in Support of Plaintiffs' Motion for Summary Judgment filed on October 29, 2013, as Docket No. 11 ("Richardson Decl."), ¶5-6.  As such, the Trust assessed withdrawal liability against Defendant and its controlled group members in the sum of $242,614.00 on September 2, 2010.  Joint Statement, ¶¶4-6; and Declaration of Greg Trento in Support of Plaintiffs' Motion for Summary Judgment filed on October 29, 2013, as Docket No. 113 ("Trento Decl."), ¶2.  ¶9, Exh. D.  Defendant chose not to exercise its right to initiate arbitration and has ignored its statutory duty to make withdrawal liability payments.  Joint Statement, ¶¶13-14; and Trento Decl., ¶10.  Due to its failure to initiate arbitration, Defendant Dalecon has waived all arbitrable defenses.  Accordingly, there remains no triable issue of material fact.  Thus, Plaintiffs are entitled to summary judgment against Defendant.  Defendant must not be permitted to burden other Union signatory employers with its withdrawal liability and deprive Trust participants of their benefits.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The following two issues must be decided:

(1)   Whether Defendant Dalecon, Inc. is liable for the assessed withdrawal liability as a result of its failure to initiate arbitration in accordance with ERISA §4221(a)(1), 29 U.S.C.

1  §1401(a)(1).

2  (2) Whether the Settlement Agreement and Stipulation for Entry of Judgment for
3  $136,000 for delinquent contributions owed by Defendant Dalecon executed on October 10, 2008,
4  and entered on January 27, 2009, as Docket 24-1 in *Crosthwaite, et al.* v. *Dalecon, Inc., et al.*,
5  United States District Court for the Northern District of California, Case No. C07-05192 WHA,
6  ("Contributions Stipulation") bars Plaintiffs from recovering the withdrawal liability.

### III. STATEMENT OF FACTS

The Trust is an employee benefit plan as defined in ERISA §3, 29 U.S.C. §1002; and a "multiemployer plan" as defined in ERISA §§3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3). Joint Statement, ¶¶4-6; and Trento Decl., ¶2. The Trust is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c). Trento Decl., ¶2. At all relevant time periods, Associated Third Party Administrators ("ATPA") was the third party administrator for the Trust. Joint Statement, ¶3; and Trento Decl., ¶1.

Defendant Dalecon was an employer within the meaning of ERISA §3(5) of 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2). Joint Statement, ¶5. Defendant Dalecon is a dissolved California corporation. Joint Statement, ¶4, Richardson Decl., ¶4, Exh. A. Defendant was obligated to make fringe benefit contributions to the Trust on behalf of its employees that were covered under its Bargaining Agreements. Joint Statement, ¶7; and Trento Decl., ¶5; Exh A. In August 2007, Defendant Dalecon withdrew from the Trust under ERISA §4203(b), 29 U.S.C. § 1383(b). Joint Statement, ¶8. The Contributions Stipulation was executed by Defendant Dalecon on October 10, 2008, for amounts due during the time period it was still bound by the CBA. Joint Statement, ¶9, Exh. 1 at 1:21-26. Thereafter, a Union representative witnessed Dalecon performing work covered by its Agreement which triggered the Trust to assess withdrawal liability. Richardson Decl., ¶5-6; and *see also* Joint Statement, ¶¶7, 25, 28. On September 2, 2010, Plaintiffs sent a withdrawal liability notice of assessment for the sum of $242,614.00 to Defendant and its controlled group members pursuant to ERISA §4203(a), 29 U.S.C. § 1383(a) and ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1). Joint Statement, ¶¶10-11; and

1  Trento Decl., ¶9, Exh. D.  Plaintiffs notified Defendant of the following in the withdrawal liability
2  assessment:

3  1) Defendant's withdrawal liability was calculated as of December 31, 2006, pursuant to
4  ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

5  2) Defendant had the option of challenging the calculation of the withdrawal liability by
6  requesting review within ninety (90) days of receiving the assessment as provided by ERISA
7  §4219(b)(2), 29 U.S.C. §1399(b)(2).

8  3) Any dispute concerning a determination of withdrawal liability was required to be
9  resolved through arbitration provided that arbitration was timely requested under ERISA §4221(a),
10 29 U.S.C. §1401(a).

11 On December 6, 2010, Plaintiffs sent a 60-day notice to cure which warned Defendant that
12 failure to pay would result in automatic acceleration of the entire withdrawal liability on the 61st
13 day pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).  Joint Statement, ¶12; and Richardson
14 Decl., ¶7, Exh. B.  To date, Defendant has failed to make any of the required withdrawal liability
15 payments.   Joint Statement, ¶13; and Trento Decl., ¶10.  Further, Defendant did not request review
16 or demand arbitration.  Joint Statement, ¶14; and Richardson Decl., ¶6.  Thus, Plaintiffs filed this
17 action on June 10, 2011. Dkt. 1.  Clerk's default against Defendant Dalecon was entered on
18 September 6, 2011. Dkt. 15.   Dalecon eventually retained counsel and the parties filed a
19 Stipulation to Set Aside Default on March 21, 2013.  Dkt. 89.

20 ### IV.    ARGUMENT

21 **A.    Legal Standard**

22 Fed. R. Civ. Proc. Rule 56(c) provides that "judgment sought should be rendered if the
23 pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no
24 genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."
25 The moving party has the initial burden of proof on a motion for summary judgment to show that
26 there is no genuine issue as to any material fact.  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 325
27 (1986).  However, the moving party need not provide any evidence at all on matters as to which the
28

opposing party bears the burden of proof, and instead the moving party simply has to show that there is an absence of evidence to support the non-moving party's defenses. *Id*. at 324. Fed. R. Civ. Proc. Rule 56(e)(2) provides that when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Pursuant to ERISA §4221(b)(1), 29 U.S.C. §1401(b)(1) if no arbitration is initiated the amounts demanded by the Trust shall be due and owing. Defendant Dalecon did not initiate arbitration and thus, there are no genuine issues of material fact. Accordingly, summary judgment against Defendant Dalecon should be granted.

**B.     Defendants Have Waived All Arbitrable Defenses**

Under ERISA §4221(a)(1), 29 U.S.C. §1401(a)(1), any dispute concerning a determination of withdrawal liability must be resolved through arbitration. *See*, *Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund v. Arizona-Pacific Tank Lines*, No. C 83 0317, 1983 U.S. Dist. Lexis 12709, at *4 (N.D. Cal. Oct. 14, 1983). The 9th Circuit specified: "… Congress was dissatisfied with collection procedures that resulted in "lengthy, costly and complex litigation" […]; provisions for informal, expeditious resolution of withdrawal liability disputes were at the heart of the MPPAA […]; and "the value of arbitration in fulfilling Congress' intent to provide an efficient, expeditious dispute resolution mechanism lies in initial resort to that mechanism." *Teamsters Pension Trust Fund-Board of Trustees of the W. Conference* v. *Allyn Transp. Co., et al.*, 832 F.2d 502, 504 (9th Cir. 1987) (citing *I.A.M. Nat'l Pension Fund v. Clinton Engines Corp.*, 825 F.2d 415, 416-417, 421-422, 426-427 (D.C. Cir. 1987)).

ERISA §4221(b)(1), 29 U.S.C. §1401(b)(1) provides "If no arbitration proceeding has been initiated […] the amounts demanded by the plan sponsor under section 4219(b)(1) [29 U.S.C § 1399(b)(1)] shall be due and owing on the schedule set forth by the plan sponsor." Defendant failed to initiate arbitration and thus, has waived all arbitrable defenses thereby making the assessment binding. *Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund* v. *Arizona-Pacific Tank Lines*, No. C 83 0317, 1983 U.S. Dist. Lexis 12709, at *4 (N.D. Cal. Oct. 14, 1983);

and *Allyn, supra*, 832 F.2d at 504.  Failure to timely demand arbitration may lead to a harsh result, but the harshness of the result is a "self-inflicted wound." *I.L.G.W.U. Nat'l Ret. Fund, et al.,* v. *West Helena-Helena Sportswear, Inc.,* No. 96 Civ. 1007, 1996 U.S. Dist. Lexis 20635, at *18 (S.D.N.Y. July 25, 1996); and *I.L.G.W.U. Nat'l Ret. Fund, et al.,* v. *Levy Bros. Frocks, Inc.*, 846 F.2d 879, 887 (2d Cir. N.Y. 1988).

It is undisputed that Defendant never requested review or initiated arbitration.  As such, there can be no reasonable dispute that the withdrawal liability assessed against Defendant Dalecon is due and owing under ERISA §4221(b)(1), 29 U.S.C. §1401(b)(1).  Thus, Plaintiffs are entitled to summary judgment against Defendant.

**C.    The Defense of Waiver is Improper Since Defendant Failed to Initiate Arbitration**

In its Answer to the Complaint, Defendant has raised the affirmative defenses of "Accord and Satisfaction" and "Release" which both argue the same thing – that the Contributions Stipulation constituted a waiver on the part of the Trust as to its claims for withdrawal liability. Dkt. 91.  There is no dispute as to the existence of the Contributions Stipulation or its terms. Therefore, there is no dispute of material fact as to this defense, since the issue of whether Defendant has waived its defenses when it has failed to initiate arbitration is an issue of law. *See, e.g., Trustees of the Laborers' Local 310 Pension Fund v. Able Contracting Group, Inc.*, 2007 U.S. Dist. Lexis 55949, *5.  Even if the Court determines that Defendant Dalecon is entitled to raise the defense of waiver, the issue is still ripe for summary judgment since interpretation of contracts (such as the stipulated judgment at issue) is a matter of law.  *In re U.S. Securities Litigation*, 729 F.2d 628, 632 (9th Cir. 1984).

Issues of fact and contract interpretation are subject to arbitration, including those of purported releases of ERISA withdrawal liability due to prior delinquency settlements.  *See*, *Chicago Truck Drivers, et al. v. R. Sumner Trucking Co., Inc.*, No. 91 C 3967, 1992 U.S. Dist. Lexis 1877, at *3-4 (N.D. Ill. Feb. 24, 1992) (holding that the employer was liable for the full amount of the withdrawal liability - even though the employer claimed that a consent decree

5

1  relieved it from withdrawal liability - because the employer failed to arbitrate and there was no
2  reason to hold that interpretation of consent decrees was one for the courts instead of the arbitrator.)
3       In *I.L.G.W.U. National Retirement Fund v. West Helena-Helena Sportswear, Inc.,* 1996
4  U.S. Dist. Lexis 20635 (S.D.N.Y. 1996), the employer claimed that an agreement related to
5  delinquent contributions settled its withdrawal liability. *Id.* at *8, 11. The court held that the effect
6  of the settlement agreement, particularly the scope of its release language, involved the intent of the
7  parties which raised both questions of fact and contract interpretation that should be addressed by
8  the special expertise of an arbitrator skilled in pension and labor matters. *Id.* at *20-21. The court
9  further reasoned as follows: the employer made no claim that the settlement agreement was
10 preceded by discussion of withdrawal liability; computing withdrawal liability is exceedingly
11 complex and often cannot be calculated until a long time after withdrawal; withdrawal liability is
12 not delinquent until the fund has performed the calculation, demanded a specified amount from the
13 employer and given the employer time to request review. *Id.*
14       Like the employer in *West Helena*, Defendant in this action has waived its defense
15 regarding the purported release since it failed to initiate arbitration to raise this defense. In violation
16 of the law and congressional policies, and in disregard of judicial economy and the financial health
17 of the Trust, Dalecon is attempting to litigate its purported defense, which should have been raised
18 in arbitration.

**D.  Defendant Cannot Satisfy Its Burden of Establishing That the Trust Has Waived Its Withdrawal Liability Claim**

21       Alternatively, if the court is inclined to consider the defense of waiver, Plaintiffs are still
22 entitled to summary judgment. *Operating Engineers Pension Trust Fund* v. *Clark's Welding and*
23 *Machine,* 688 F. Supp. 2nd 902, 909-910 (N.D. Cal. Feb. 10, 2010). A waiver is the voluntary and
24 intentional relinquishment of a known right, and doubtful cases will be decided against one who
25 claims waiver. *Id.* at 913. Defendant must prove the affirmative defense since the burden is on the
26 party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave
27 the matter to speculation, and doubtful cases will be decided against waiver. *DRG/Beverly Hills,*
28 *LTD, et al., v. Chopstix Dim Sum Café and Takeout III, LTD., et al.*, 30 Cal. App. 4th 54, 60 (Cal.

1  App. 2d Dist. 1994). Defendant has alleged no facts that would make any of these showings. The
2  Trust had no intention to, and did not waive, the right to pursue statutory withdrawal liability
3  against Defendant, and there is no evidence that they did. The Trust did not engage in any conduct
4  or make any representations that were inconsistent with their statutory right to recover withdrawal
5  liability. Further, as to the withdrawal liability, there was no additional consideration for a waiver.

6  To be valid, a waiver must be a clear expression made with the full knowledge of the facts
7  and the clear intent to waive the right. *Traumann* v. *Southland Corp.*, 842 F. Supp. 386, 391 (N.D.
8  Cal., July 20, 1993). In other words, although waiver is usually defined as an "intentional
9  relinquishment of a known right," the relinquishment of a contractual right, to be binding,
10 generally requires an additional showing of: (a) consideration, (b) election of one of two
11 inconsistent rights, or (c) estoppel. 14 Witkin**,** *Summary of California Law*, vol. 1, *Contracts* §825
12 (10th ed. 2005). Similar to *Traumann*, the Stipulation does not contain the terms "withdrawal
13 liability," does not refer to withdrawal liability claims in any manner, does not specify that
14 withdrawal liability or statutory claims are waived, and does not provide any additional
15 consideration for the purported waiver of withdrawal liability claims. *See also Clark's Welding,*
16 supra, 688 F. Supp. 2nd at 910, 913. A writing releasing Defendants of "withdrawal liability" or all
17 "statutory claims" does not exist. Plaintiffs cannot be bound by a waiver of withdrawal liability
18 that was not set forth in the Stipulation.

19 Defendant is subject to withdrawal liability pursuant to a federal statute and thus, any
20 release of that liability by the Trust must be voluntary, deliberate and informed. In general, a
21 written release extinguishes any obligation covered by the release's terms. *Marder* v. *Lopez, et al.*,
22 450 F.3d 445, 449 (9th Cir. Cal. 2006). A release is the abandonment, relinquishment or giving up
23 of a right or claim to the person against whom it might have been demanded or enforced and its
24 effect is to extinguish the cause of action. *Id*. There is no evidence that the Trust voluntarily and
25 deliberately released Defendants of statutory withdrawal liability under the Contributions

Stipulation.

Accordingly, Defendant cannot satisfy its burden by clear and convincing evidence that the Trust waived its withdrawal liability claim. Thus, there is no triable issue of material fact with respect to Defendants' defense of release.

### E.  The Contributions Stipulation Does Not Relate to Withdrawal Liability

The release language in the Contributions Stipulation upon which Defendant Dalecon relies reads as follows:

> (1)(e) Upon execution of this Stipulation, Plaintiffs will file a Dismissal without Prejudice of the instant action. This Stipulation is in complete satisfaction of all claims made by Plaintiffs in this action. Accordingly, the parties release each other and their respective agents, employees, officers, shareholders, directors, successors, assigns, and attorneys from all injuries, damages, claims and causes of action whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, including any claims which the parties made or could have made.
>
> The parties acknowledge and agree that there is a risk that after execution of this Stipulation they will incur or discover losses, damages, or injuries which are in some way **caused by the events** which were the subject of this release, but which are unknown and unanticipated at the time this Stipulation is signed. The parties hereby assume the above-mentioned risks and understand that this Stipulation shall apply to all unknown or unanticipated results **of the events which were the subject of this release**, as well as those known and anticipated, and upon advice of counsel, waive any and all rights under California Civil Code section 1542 which section has been explained and reads as follows:
>
>> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.
>
> The mutual releases stated above do not affect the parties' obligations set forth in this Stipulation.
>
> A dismissal with Prejudice shall be filed by Plaintiffs once payment has been made in full, and Plaintiffs confirm that the final payment has cleared the bank.

Cal. Civ. Code §1542 specifies: "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,

which if known by him or her must have materially affected his or her settlement with the debtor."

The withdrawal liability claim had not even arisen at the time of the Contributions Stipulation executed on October 10 2008.  Therefore, the withdrawal liability claim was not one that the "parties made or could have made" at the time of the Contributions Stipulation.  At the time of the Contributions Stipulation, it appeared that Defendant qualified for the "building and construction industry" exception because it was unknown to the Trust that Defendant performed the actions which gave rise to the withdrawal liability claim i.e. continuing to perform work previously covered under its Bargaining Agreements.[1]  The withdrawal liability claim did not arise until 2009-2010 when a Union representative informed the Trust that Defendant Dalecon had resumed work that was previously covered under its CBA at which point the Fund's claim for withdrawal liability arose since the employer did not qualify for the building and construction industry exception.  Richardson Decl., ¶5-6; and *see also* Joint Statement, ¶¶7, 25, 28.  Accordingly, the Trust assessed withdrawal liability on September 2, 2010.  Trento Decl., ¶9, Exh. D.

The claim for the entire withdrawal liability amount did not arise until four years after the Contributions Stipulation was executed on October 10, 2008, when Dalecon ignored the Trust's statutory 60-day notice to cured dated December 6, 2012, which triggered default and acceleration.  Claims that arise in the future based on the underlying injury may be waived, but future claims based on events which have not yet occurred cannot possibly be waived. As stated by the federal court in *FASA* v. *Playmates Toys, Inc*., 892 F.Supp. 1061 at 1066 (N.D. Ill. 1995), interpreting a contract which contained a waiver under California Civil Code 1542:

> In the instant case, we find that federal authority, as well as that of Illinois and California converge on the conclusion that Playmates' waiver form is unenforceable because it purports to require the signor to waive unknown future claims. Such a waiver is void as against public policy. *Id*. at 1066.

---

[1] Defendant Dalecon will argue that it qualifies for the building and construction industry exception since its successor continued work previously covered under its Bargaining Agreement.  Joint Statement, ¶¶17-28.  That argument is unpersuasive since Defendant did not raise it as an affirmative defense in their Answer and even it had it still failed to initiate arbitration.  Dkt. 91; and *Trustees of the Utah Carpenters' and Cement Masons' Pension Trust* v. *New Star Culp L.C*., 2009 U.S. Dist. Lexis 9746 (D. Utah 2009) (holding that whether the defendant qualified for the building and construction industry exception must be arbitrated.

1    This approach was also used by the Ninth Circuit in *In Re Vehm Engineering Corp.*, 521 F.2d 186, 188-189 (9th Cir. 1975). Any contrary result would be ludicrous; if it were otherwise, then after a plaintiff signed a settlement agreement waiving California Civil Code 1542 in a case based on, say, an employment discrimination claim, the defendant could assault the plaintiff, take his wallet, beat him bloody, and then shoot him, and defendant would not be civilly liable because the plaintiff had waived "all future claims."

### F. Delinquent Contributions and Withdrawal Liability Are Wholly Distinct Obligations

Dalecon has argued that the two claims are based on the same "events" for purposes of the waiver language since the Contributions Stipulation and the withdrawal liability were both based on the same underlying Bargaining Agreement (Opp. To Motion for Default Judgment, Dkt. 76 at 3:7-9; Stickney's Decl., Dkt. 77 at ¶6). However, a CBA is not an "event." The delinquency claim and the withdrawal liability claim are based on different events – the delinquency claim was based upon the employer's failure to pay its required contributions during the time period it was still bound by the CBA (i.e. prior to August 2007 when it withdrew from the Trust). Joint Statement, ¶¶8-9, Exh. 1 at 1:21-26. By contrast, withdrawal liability is a statutory claim based upon the employer's complete withdrawal from the Trust since it subsequently continued work previously covered under the Bargaining Agreement.

As stated by the court in *West Helena, supra, at \*30*:

> [T]he claim for delinquent benefit contributions and the claim for withdrawal liability are not based on the same cause of action. "Withdrawal liability rests upon a separate cause of action specially created by Congress." *Colorado Pipe Indus. Pension Trust v. Howard Elec. & Mechanical Inc.*, 909 F.2d 1379, 1384 (10th Cir. 1990), *cert. denied*, 498 U.S. 1085, 112 L.Ed. 2d 1046, 111 S. Ct. 958 (1991). This is not a case where a plaintiff is merely raising the same claim under a new legal theory, or trying to seek a different recovery for the same wrong. Liability for benefit contributions and liability for withdrawal are wholly distinct obligations, with different factual and legal predicates.

The claim for delinquent contributions is a *contractual* obligation; whereas, withdrawal liability is a *statutory* obligation. Each is based on separate causes of action and are wholly distinct obligations, with different factual and legal predicates. *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th

Cir. Cal. 1984); and *W. Helena,* supra, at *5.  The Contributions Stipulation was limited to delinquent contributions and in no way related to withdrawal liability.

### G.     The Parties Did Not Mutually Assent to Absolve Defendant of Withdrawal Liability

A settlement agreement is treated as any other contract for purposes of interpretation. *Metropolitan Interiors v. Eugene Burger Mgmt. Corp. (In Re Geneva Towers Associates)*, No. C96-1816 FMS, 1996 U.S. Dist. Lexis 14975, at *8 (N.D. Cal. Sept. 30, 1996) [citations omitted]. The district court's construction of a contract is controlled by California law.  *Id.*  Every contract requires mutual assent or consent.  Cal. Civ. Code §§1550, 1565.  Ordinarily, one who signs an instrument which on its face is a contract is deemed to assent to all its terms.  *Marin Storage & Trucking, Inc. v. Benco Contracting and Eng'g.*, 89 Cal. App. 4th 1042, 1049 (2001).  The existence of mutual assent is determined by objective criteria, not by subjective intent.  *Id.*  The test is whether a reasonable person would from the conduct of the parties conclude that there was mutual agreement.  *Id.*  The court will enforce the outward expression of the parties' intention rather than their uncommunicated subjective intentions.  Cal. Civ. Code §§1636, 1639; and *United States of America ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1128 (C.D. Cal. 2000).  There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and: (a) neither party knows or has reason to know the meaning attached by the other; or (b) each party knows or each party has reason to know the meaning attached by the other. Restatement (Second) of Contracts §20.

There is no evidence that the parties negotiated, discussed, agreed on or had an understanding about any terms relating to Defendant's withdrawal liability, or made any statement, representation, promise, inducement, about said liability.  The terms "withdrawal" or "withdrawal liability" does not appear anywhere in the Stipulation.  *See Clark's Welding,* supra, 688 F. Supp. 2nd at 910, 913.  Thus, there was no mutual assent as to any purported release of withdrawal liability.  A reasonable person would not conclude from the parties conduct that the Stipulation absolved Defendants from withdrawal liability.  There is no evidence supporting Defendants' defense that they were absolved of withdrawal liability.

## V.   DAMAGES

Defendant is liable for the entire amount of the withdrawal liability, interest, liquidated damages, attorneys' fees and costs incurred by Plaintiffs pursuant to ERISA §§4301(b), 4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§ 1451(b), 1399(c)(5)-(6), 1132(g)(2).  ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as delinquent contributions within the meaning of ERISA §515, 29 U.S.C. §1145.  *See Lads Trucking Co.* v. *Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund*, 777 F.2d 1371, 1375 (9th Cir. 1985) (the court also held that an award of attorneys' fees and costs are mandatory).  *Northwest Administrators, Inc., v. Albertson's Inc.*, 104 F.3d 253 (9th Cir. OR 1996) (holding that liquidated damages are mandatory.) Pursuant to the Defendant's collective bargaining agreement, Trust Agreement incorporated therein, and the Trust's Delinquency Collections Procedures, 20% liquidated damages and 10% interest accrues on delinquent contributions.  Joint Statement, ¶15; and Trento Decl., ¶¶6, 7, 11; Exh. B-C.  Thus, Plaintiffs are entitled to summary judgment for the following sums:[2]

| | |
|---|---|
| Assessed Withdrawal Liability | $ 242,614.00 |
| 20% Liquidated Damages | $ 48,522.80 |
| 10% Interest (10/1/10 – 12/5/13) | $ 77,171.67 |
| Attorneys' Fees (8/8/11 – 10/25/13) | $ 53,367.50 |
| Attorneys' Fees (Estimated in connection with the preparation for and attendance at hearing of this Motion and Plaintiffs' concurrently filed Motion for Default Judgment) | $ 1,500.00 |
| Costs (4/16/11 – 10/25/13) | $ 1,713.80 |
| **TOTAL** | **$424,889.77** |

Richardson Decl., ¶¶12-19; Exh. D.

///

///

---

[2] Plaintiffs have concurrently moved for default judgment against the remaining Defendants. Dkt. No. 115. Plaintiffs do not request two duplicative judgments but rather one judgment with all Defendants jointly and severally liable for the full amount.

## VI.   CONCLUSION

Based on the foregoing, Plaintiffs are entitled to summary judgment against Defendant Dalecon for the sum of $424,889.77.

Dated: December 12, 2013                    SALTZMAN & JOHNSON
                                            LAW CORPORATION

                                            By: ____//S//_____
                                                Shaamini A. Babu
                                                Attorneys for Plaintiffs